IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*,<br><br>               Plaintiffs,<br><br>   v.<br><br>Lane Company Mechanical, Inc.,<br><br>               Defendant. | Civil No. 1:19-cv-01028-TSE-MSN |

**REPORT & RECOMMENDATION**

This matter comes before the Court on plaintiffs Boards of Trustees of the Sheet Metal Workers' National Pension Fund's ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry's ("ITI"), the Sheet Metal Workers' Occupational Health Institute Trust's ("SMOHIT"), and the National Energy Management Institute Committee's ("NEMIC") (collectively, the "Funds") Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 8). Having reviewed the record and the pleadings, the undersigned Magistrate Judge recommends entering default judgment in the Funds' favor for the reasons that follow.

**I. Procedural Background**

On August 8, 2019, the Funds filed the instant action against defendant Lane Company Mechanical ("Lane") (Dkt. No. 1). The Complaint alleges that Lane breached a Collective Bargaining Agreement (the "Agreement") with the International Association Local Union 1 and seeks an award for past due contributions, liquidated damages, interest, late fees, attorney's fees and costs. Compl. (Dkt. No. 1) ¶¶ 11-17. A summons for the Complaint was issued on August 9,

2019 (Dkt. No. 3), and the summons, Complaint, and supporting documents were served on Lane on August 19, 2019 by serving a representative of the company (Dkt. No. 4). Under Fed. R. Civ. P. 12(a), a responsive pleading was due 21 days after delivery of the pleadings; however, Lane failed to file a responsive pleading in a timely manner. Accordingly, on September 5, 2019, the Funds filed a Request for Clerk's Entry of Default (Dkt. No. 6), and the Clerk of Court filed an Entry of Default (Dkt. No. 7) on September 9, 2019.

On September 11, 2019, the Funds filed a Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 8), along with a Brief in Support of Plaintiffs' Motion for Default Judgment (Dkt. No. 9). The Funds' motion was supported with two declarations from Kenneth Anderson Jr. and Diana M. Bardes (Dkt. Nos. 9-1 and 9-2). On October 4, 2019, counsel for the Funds appeared at the hearing on their Motion for Default Judgment and no one appeared on behalf of Lane (Dkt. No. 11).

## II. Factual Background

The following facts are established by the Amended Complaint, the memorandum in support of the Funds' Motion for Default Judgment, and the supporting declarations.

NPF and ITI are employee benefit plans within the meaning of Sections 3(2), (3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(2), (3), as well as multiemployer plans within the meaning of Section 3(37)(A) of ERISA, *id.* at § 1002(37)(A). Compl. (Dkt. No. 1) ¶¶ 4-6. SMOHIT is a joint labor-management health and safety organization within the meaning of ERISA, *id.* at § 186(c)(5). *Id.* at ¶ 7. Lastly, NEMIC is a labor management committee within the meaning of the Labor Management Cooperation Act of 1978 and ERISA, *id.* at § 186(c)(9). *Id.* at ¶ 8. The Funds are administered in Fairfax, Virginia. *Id.* at ¶¶ 5-8. Lane is an Illinois corporation whose principal place of business is in Bloomington, Illinois. *Id.* at ¶ 10. At

all times, Lane was an employer in "an industry affecting commerce" as defined by 29 U.S.C. §§ 152(2), 1002(5), (11), (12). *Id.* at 10.

Plaintiffs bring this action under Sections 502(a)(3), (d)(1), (g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145, and under Section 301 of the Labor Management Relations Act of 1947, ("LMRA"), as amended, 29 U.S.C. § 185. *Id.* at ¶ 1. Lane employed at least one employee represented for the purposes of collective bargaining by the Sheet Metal, Air, Rail, and Transportation Union, the Local Union 1, and labor organizations representing employees in an industry affecting commerce. *Id.* at ¶ 12. Lane is signatory to the Agreement with the Local Union 1, which requires Lane to submit monthly remittance reports and fringe benefit contributions to the Funds for all hours worked or paid on behalf of its covered employees. *Id.* at ¶ 12. Pursuant to the Agreement, Lane is further obligated to abide by the terms and conditions of the Trust Agreements establishing the Funds ("Trust Documents"). *Id.* at ¶ 13. The Funds claim that, for the months of September through December 2018 and April through June 2019, Lane failed to timely make all the required contributions under the Agreement. *Id.* at ¶¶ 19-21.

Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Agreement, the Trust Documents, and Section 301 of the LMRA, 29 U.S.C. § 185, if Lane fails to timely submit the contractually required remittance reports and contribution payments, and the Funds file a lawsuit to recover the unpaid contributions, Lane is required to pay the following amounts:

   a.   Interest on the delinquent contributions at a rate of .0233% per day, compounded daily;

   b.   Liquidated damages equal to the greater of: fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions that the Company fails to pay within 30 days after the due date, but pays before any lawsuit is filed;

   c. Liquidated damages equal to the greater of interest on the delinquent contributions at the above rate or liquidated damages equal to twenty percent (20%) of the delinquent contributions owed upon commencement of litigation; and

   d. The attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs in this action.

*Id.* at ¶ 18.

Article V, Section 3 of the Trust Agreement and Section V of NFP's Procedures for the Collection of Contributions both provide that the Funds may audit a contributing employer for the purposes of assuring the accuracy of reports and ensuring that such employer has remitted the appropriate amount of contributions to the Funds. *Id.* at ¶ 17.

  **A.** **Count I—Delinquent Contributions, Liquidated Damages, Interest and Attorneys' Fees and Costs**

The Funds assert that Lane failed to make contributions to the Funds, resulting in interest and liquidated damages for the period of September 2018 through December 2018 and April 2019 through June 2019. Compl. (Dkt. No. 1) ¶ 22. Based on estimates and remittance reports submitted by Lane, the Funds allege Lane owes contributions in the amount of $12,540.07 for the above-mentioned months, as well as $1,348.27 in interest, and $2,508.04 in liquidated damages. *Id.* at ¶ 23. Lane also paid late certain contributions due for the months of July 2018 through March 2019, incurring an additional $517.56 in interest and $936.22 in liquidated damages. The Funds argue that the total amount owed by Lane for the delinquent and late payments is $17,850.18, plus additional daily interest accruing through the date of payment. *Id.* at ¶ 23. Under Section 502(g) of ERISA, 29 U.S.C. § 1332(g), the Funds argue that they are entitled to reasonable attorneys' fees and costs. *Id.* at ¶ 24. Prior to initiating the instant action, the Funds sent letters and attempted to directly contact Lane to obtain the outstanding contributions and reports; however, Lane failed to respond to any of the Funds' correspondence. *Id.* at ¶ 25.

### III. Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA actions, such as the instant action, are conferred upon the Court pursuant to 29 U.S.C. §§ 1132, 1145, and 185, which provide that an action may be brought in any district court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found. Here, jurisdiction and venue are proper because the Funds are administered in this district. *See* Compl. (Dkt. No. 1) ¶¶ 1-3.

### IV. Standard of Review

Default judgment is appropriate if the well-pleaded allegations of the Complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006). By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because Lane has not answered or otherwise timely responded, the well-pleaded allegations of fact in the Amended Complaint are deemed to be admitted.

**V. Analysis**

Having examined the record, the undersigned finds that the well-pled allegations of fact contained in the Amended Complaint—and supported by the Funds' Motion for Default Judgment, declarations, and exhibits—establish that Lane failed to make contributions to the Funds, resulting in interest and liquidated damages for the period of September through December 2018 and April through June 2019. (Dkt. No. 8) 2. The undersigned further finds that Lane late paid contributions for certain months between July 2018 and March 2019. Lane's failure to make proper contributions and late contributions is in violation of the Agreement, the Trust Documents, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1332(a)(3), and 1145, and Section 301 of LMRA, 29 U.S.C. § 185, and the Funds are entitled to default judgment in their favor and the request relief as detailed below.

**A.     Failure to Make Payments**

As set forth in the Motion for Default Judgment, Lane failed to make contributions to the Funds, resulting in interest and liquidated damages for the period of September through December 2018 and April through June 2019. Lane is obligated, under the terms of the Agreement, to timely provide contributions to the Funds on behalf of its covered employees. As such, Lane has failed to fulfill its contractual obligations for owed contributions, resulting interest, liquidated damages, and late fees.

ERISA Section 515 provides that in any action brought to enforce payment of delinquent contributions in which a judgment in favor of the plan is awarded, 29 U.S.C. § 1145, the court shall award the plan:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of –

>> (i) interest on the unpaid contributions, or
>> (ii) liquidated damages provided for under the plain in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also* 29 U.S.C. § 185(a) (which provides a separate, but overlapping, basis for relief). In support of its claim for damages, the Funds submitted a declaration from Mr. Anderson with the Motion for Default Judgment in support of the delinquent contributions, liquidated damages, and interest (Dkt. No. 9-1). The Funds also submitted declarations from Ms. Barnes in support of their request for attorneys' fees and costs (Dkt. No. 9-2).

The information contained in the declaration from Mr. Anderson on behalf of the Funds establishes that they are owed contributions in the amount of $12,540.07 for the months of September through December 2018 and April through June 2019; liquidated damages, calculated at 20% of the delinquent contributions, in the amount of $2,508.06; interest assessed at a rate of 0.0233% per day, compounded daily, from the date due through the date of judgment in the amount of at least $1,348.27, interest on late contributions, compounded daily, in the amount of $517.56, and liquidated damages in the amount of $936.22, totaling to $17,850.18. *See* Anderson Declr. (Dkt. No. 9-1) 3-4. In addition, the declarations from Ms. Barnes detail the fees and costs incurred for the Funds in this action. As stated in the declarations, the total amount of fees incurred is $2,324.00 for 11.4 hours of attorney and paralegal time and the amount of costs requested is $538.84 for the filing fees, service of process fees, copying, and postage. Barnes Declr. (Dkt. No. 9-2) 1-2. The undersigned has reviewed the declarations and the supporting documentation and

recommends that the Court find that the $2,324.00 request for fees and $538.84 for costs by the Funds are reasonable and should be paid by Lane.

For these reasons, the undersigned recommends that a default judgment be entered in favor of the Funds against Lane on Count I in the Amended Complaint in the amounts shown below:

| Delinquent Contributions | $12,540.07 |
|---|---|
| Liquidated Damages | $2,508.06 |
| Accrued Interest (9/11/2019) | $1,348.27 |
| Interest on late contributions | $517.56 |
| Liquidated damage on late contributions | $936.22 |
| Attorney's Fees | $2,324.00 |
| Attorney's Costs | $538.84 |
| *Total* | $20,713.02 |

### VI. Recommendation

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of the Funds against Lane in the amount of **$20,713.02**.

### VII. Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and

Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/<br>Michael S. Nachmanoff<br>United States Magistrate Judge

October 17, 2019
Alexandria, Virginia